IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON FULLER | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-593 |
| | § | |
| UV LOGISTICS, LLC d/b/a UNITED VISION LOGISTICS | § | JURY TRIAL DEMANDED |
| | § | |
|     Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, Sharon Fuller, files this Original Complaint complaining of UV Logistics, LLC d/b/a United Vision Logistics, Defendant.

**I.
PARTIES AND JURISDICTIONAL AND VENUE FACTS**

1. This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(a) & (c). In particular, Defendant is a corporation that maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant, and the events which give rise to this cause of action occurred in the Eastern District of Texas.

3. Parties to this suit are:

Plaintiffs:   Sharon Fuller is an individual who is a citizen of the State of Texas and resides in Whitehouse, Texas within the Eastern District of Texas.

Defendant:   UV Logistics, LLC d/b/a United Vision Logistics is a Delaware corporation who may be served by serving its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.
## NATURE OF THE ACTION

4. On or about December 19, 2011, Plaintiff Sharon Fuller, driving a Dodge car, was stopped at a red light southbound on Donnybrook in Tyler, Texas.  Stuart Antony Moman, driving a tractor/trailer rig owned and operated by Defendant, was traveling west on ESE Loop 323 in the center lane.  Mr. Moman's light turned red and Ms. Fuller's light turned green.  Mr. Moman did not stop when his light turned red, and instead chose to continue through the intersection.  Ms. Fuller responded to her green light by moving forward, and she was struck in the side of her vehicle by the Defendant's tractor/trailer rig.  At all times Plaintiff was operating her vehicle in a prudent and safe manner.

5. At the time of the collision in question, Stuart Antony Moman was in the course and scope of his employment with Defendant, and was driving a company vehicle.  As a result of Mr. Moman's negligence and his vehicle colliding with the vehicle being driven by Ms. Fuller, Ms. Fuller suffered severe and debilitating injuries.

6. Moman was negligent in the manner in which he operated his company vehicle.  Said negligence proximately caused the severe and traumatic injuries and damages to Ms. Fuller.

7. At all times material hereto, Moman was employed by Defendant, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by Defendant.  Defendant is legally liable for Moman's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is

meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

### III.
### ACTUAL DAMAGES

9. Sharon Fuller was 59 years old at the time of her injuries, the effects of which will continue for the remainder of her life. She was in good health and enjoyed an outgoing lifestyle. Before her injuries, Ms. Fuller was industrious and energetic. As a result of the negligent and careless actions of Defendant's driver, Ms. Fuller has suffered serious injuries to her shoulder, back and body generally.

10. Ms. Fuller seeks damages which will reasonably and fairly compensate her for the following losses:

   a. Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by Plaintiff as a result of the occurrence in question;

   b. Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Plaintiff in the past, and which will in reasonable probability be incurred in the future;

   c. Physical impairment, both past and future; and

   d. Loss of earnings and loss of earning capacity, past and future

### PRAYER

11. Plaintiff request that the Defendant be cited to appear and answer, and that on final

trial Plaintiff have:

    a.    All actual, economic and compensatory damages in an amount in excess of the minimum jurisdictional limits of the Court;

    b.    Prejudgment and postjudgment interest at the legal rate, costs of court, and

    c.    Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

12.    Plaintiff, makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090
Facsimile:  (903) 597-3692
Keith Miller
State Bar No. 14093750

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

By:  /s/ *Blake C. Erskine*
      Blake C. Erskine
      State Bar No. 06649000
      blakee@erskine-mcmahon.com

ATTORNEYS FOR PLAINTIFF